73 F.3d 358
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antwan BEAFORE, a/k/a Doc, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Percy Lee Moore, a/k/a Face, a/k/a Larry Curry, Defendant-Appellant.
 No. 95-5167, 95-5294.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 14, 1995.
Decided Jan. 5, 1996.
 
 Thomas W. Kupec, MICHAEL & KUPEC, Clarksburg, West Virginia; Thomas G. Dyer, WATERS, WARNER & HARRIS, Clarksburg, West Virginia, for Appellants. William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 Before ERVIN, Chief Judge, and WIDENER and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Antwan Beafore pled guilty to conspiracy to distribute cocaine base (crack) and possess cocaine base with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1995), and also pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. Sec. 924(c) (West Supp.1995). He was sentenced to 100 months imprisonment. Percy Lee Moore pled guilty to possession of 15.4 grams of cocaine base (crack) with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1995). Both Beafore and Moore challenge the district court's refusal to find Sec. 841 unconstitutionally ambiguous and to apply the rule of lenity by sentencing them under the lower penalties for cocaine offenses rather than the penalties for offenses involving cocaine base. Finding no error, we affirm the sentences.
 
 
 2
 In the district court, Beafore and Moore proffered a transcript of the expert testimony presented in United States v. Davis, 864 F.Supp. 1303 (N.D.Ga.1994). They asked to court to follow Davis by finding that cocaine and cocaine base are synonymous terms referring to the same substance and to find that Sec. 841(b) is ambiguous because it provides lower penalties for offenses involving cocaine than for offenses involving cocaine base. Moore also argued that the heightened penalties for cocaine base violate the Equal Protection Clause. Relying on prior Fourth Circuit precedent, the district court found that the statute was not ambiguous or otherwise unconstitutional.
 
 
 3
 Since Moore and Beafore were sentenced, we have considered and rejected the holding in Davis and reaffirmed prior decisions of this court rejecting equal protection challenges to Sec. 841(b). See United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923). Moore and Beafore contend in their reply brief that Fisher does not address their argument that Sec. 841(b) is logically inconsistent because cocaine (penalized in clause (ii) of Sec. 841(b)(1)(B)) contains pure cocaine or cocaine base (penalized in clause (iii) of the statute). We find that Fisher does address and resolve this issue, finding that "a common sense reading of [the statute] eliminates the ambiguity" claimed to exist. Id.
 
 
 4
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED